UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Titus C. Geer, # 297406, *aka* Titus Geer, | ) C/A No. 8:09-1769-CMC-BHH |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Tim Riley, Warden, | ) |
| Respondent. | ) |

## *Background of this Case*

This is a habeas corpus action filed on a Section 2254 form (Form AO 241). The petitioner is a state inmate confined at the Tyger River Correctional Institution. On June 7, 2000, the petitioner pled guilty to possession of crack cocaine with intent to distribute and trafficking in cocaine and was sentenced to concurrent terms of fifteen (15) years.[1] On October 4, 2001, the petitioner was mistakenly released from prison by the South Carolina Department of Corrections ("SCDC"). Soon after his release, the SCDC determined that the petitioner had been released too soon, but the SCDC officials were not able to find the petitioner until he was stopped at a traffic checkpoint on October 26, 2003,

---

[1]On direct appeal, the South Carolina Court of Appeals affirmed the convictions in *State v. Geer*, Opinion No. 2002-UP-247 (S.C. Ct. App. filed April 2, 2002). The petitioner has filed two (2) applications for post-conviction relief ("PCR"). Both applications for PCR were denied. The Supreme Court of South Carolina dismissed both appeals in the two PCR cases.

where a warrant was discovered for the petitioner based on failure to serve his sentence. Four days later, the petitioner was returned to the SCDC to serve the remainder of his sentence. The SCDC basically re-started his sentence on October 26, 2003. However, the in August 2007, the SCDC corrected the petitioner's "start date" to begin on April 4, 2000.

The petitioner raises one ground raised in this habeas petition in which he alleges the SCDC has failed to give him credit for the time he was at liberty. The petitioner contends that, since the erroneous release was not his fault, he should be given credit for the time he was at liberty. *See* Petition (Entry No. 1, at pages 14-16). The petitioner filed a grievance about the matter while he was confined at the McCormick Correctional Institution (Grievance No. MCCI 366-05). The grievance was denied at all levels, after which the petitioner appealed to the South Carolina Administrative Law Court ("ALC"). On March 6, 2008, the ALC granted the SCDC's motion to dismiss and held that under South Carolina statutory law, the petitioner is not entitled to "jail time" credit for the time that he was not incarcerated:

> This matter is before the Administrative law Court pursuant to the Appellant's appeal filed on January 31, 2006, in which he contends that SCDC has calculated the length of his sentence incorrectly.
>
> * * *
>
> The record reveals that Appellant, who was sentenced to two concurrent Fifteen-year Sentences for his conviction of Trafficking in Cocaine and Manufacture and Distribution of Crack Cocaine in the third degree, began serving that sentence on August 24, 2003.
>
> Appellant claims that he is not receiving credit for a period of time when he was not incarcerated or officially

detained. Essentially, Appellant argues that he should be credited for the time he served and the time he was at liberty, dating back to his original sentence date of April 4, 2000. He was released from SCDC on October 4, 2001. S. C. Code Ann. Section 24-13-40 provides: Provided, however, that credit for time served prior to trial shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) **when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense, in which case he shall not receive credit for time served prior to trial in reduction of his sentence for the second offense.**

In this case, SCDC has given Appellant the credit required by S. C. Code Ann. §24-13-40. SCDC gave Appellant sixty-four days jail time credit pursuant to the commitment orders. Appellant is not entitled to additional credit because of §24-13-40(2) above. Appellant's release date is May 20, 2016. Based on a review of the record, the release date is correct based on the credits he has earned. Thus, Appellant has failed to meet his burden of proof to show that the Sentence calculation is erroneous.

**IT IS THEREFORE ORDERED** that the Respondent's Motion to Dismiss is **GRANTED. AND IT IS SO ORDERED.**

(Order of Administrative Law Court [The Honorable Carolyn C. Matthews, Administrative Law Judge], at pages 1-3 [emphasis in original]),[2] which appears as Entry No. 1-3.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and

---

[2]The SCDC's website, www.doc.sc.gov, indicates that the petitioner's current projected release date is January 25, 2015.

Effective Death Penalty Act of 1996. The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Initially, the undersigned notes that the petitioner filed a § 2254 petition, but that habeas remedy is available only for a person who is challenging his criminal conviction and/or imposition of sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (stating § 2254 petitions challenge the validity of a state court conviction and sentence whereas § 2241 petitions generally challenge the execution or implementation of a sentence). As the petitioner is not challenging his conviction or sentence, but rather the computation of his sentence, the undersigned construes the petitioner's habeas petition as pursuant to 28 U.S.C. § 2241. *See also Kirby v. SCDC*, 2008 WL 4809439 (D.S.C. 2008)(holding that Initial review revealed that the petitioner was not seeking to vacate his convictions or sentences but was challenging SCDC's computation of his sentence and therefore, the petition was construed as a § 2241).[5]

---

[5] The undersigned recognizes that, where a *state* inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. *See Gregory v. Coleman,* 218 Fed. Appx. 266 (4th Cir.2007), noting circuit split and comparing *White v. Lambert,* 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), *with Hamm v. Safle,* 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmate's proceeding under § 2241 to challenge execution of state court sentence). Congress created 28 U.S.C. § 2254 as the method for state prisoners to attack their state court convictions. In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997). On the other hand, § 2241, considered the general federal habeas corpus provision, is used for complaints related to parole matters, sentence computations, prison transfers, and various prison disciplinary matters. While the majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction, the Fourth Circuit has not indicated whether it would follow the majority of circuit courts. *Gregory v. Coleman,* 218 Fed. Appx. 266 (4th Cir. 2007) (unpublished).

Releases of inmates by mistake or in error have occurred in both federal and state correctional systems. *See, e.g.*, *Green v. Christiansen*, 732 F.2d 1397, 1399 (9th Cir. 1984); *United States ex rel. Claybourn v. Illinois Dept. of Corrections*, 2000 WL 1889679 (N.D. Ill. 2000); and *Abuhouran v. Fletcher Allen Healthcare*, 2009 WL 1834316 (D.N.J. 2009). There is no federal constitutional right to receive credit for time not incarcerated. *United States v. Merritt*, 478 F. Supp. 804, 807 (D.D.C. 1979) ("a convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution")(*cited in Worrell v. Deboo*, 2009 WL 1423923 (N.D. W.Va. 2009).

Controlling is the decision of the United States Court of Appeals for the Fourth Circuit in *Hawkins v. Freeman*, 195 F.3d 732 (4th Cir. 1999) (*en banc*) (concluding no substantive due process violation by reincarceration of a mistakenly-released North Carolina petitioner who spent almost two years on parole because the prisoner had no fundamental liberty interest in retaining freedom granted in error). The petitioner in *Hawkins* had been erroneously released on July 6, 1992, after he had served only eleven and one-half years of his fifty-year sentence. 195 F.3d at 736. The North Carolina Parole Commission's Manager of Combined Records discovered the error on March 24, 1994, and the petitioner was reincarcerated on the following day. 195 F.3d at 737. The Court also noted: "If recourse from this regrettably frequent occurrence in penal system administration is to be had by state convicts, it must be found, as frequently it has been, by courts applying state common law and equitable principles, or by executive clemency." *Hawkins v. Freeman*, 195 F.3d at 750 (footnote omitted).

Furthermore, this federal court cannot consider the one ground raised because of the decisions in *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960), *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976), and *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998), which hold that state law issues are not valid grounds for federal habeas corpus relief. *See also Robinson v. Cross*, 121 F. Supp. 2d 882, 884-85 (E.D. Va. 2000).

### *Recommendation*

Accordingly, it is recommended that the petition be dismissed *without prejudice and without requiring the respondent to file an answer*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). It is also recommended that the petitioner's motion for evidentiary hearing (Entry No. 3) **be denied.** The petitioner's attention is directed to the important notice on the next page.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

July 13, 2009
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).