IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Titus C. Geer, # 297406, | ) | C/A NO. 8:09-1769-CMC-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Tim Riley, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254, but construed by the Magistrate Judge as being a petition for relief under 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On July 13, 2009, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without issuance and service of process on Respondent. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on July 31, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed without prejudice. Petitioner argues in his objection that he is entitled to "the time at liberty by right[,]" citing *Vega v. United States*, 493 F.3d 310 (3d Cir. 2007). However, the federal common law doctrine of credit for "time erroneously at liberty," recognized by some courts, does not apply in this circumstance because Petitioner seeks to have *state* authorities credit time on his *state* sentence. The State of South Carolina has not, either by common or statutory law, adopted the "time erroneously at liberty doctrine," and Petitioner cannot, therefore, point to a state-created liberty interest which might support a due process violation argument.

Therefore, the petition is dismissed without prejudice and without requiring Respondent to file a return. Petitioner's motion for an evidentiary hearing (Dkt. # 3) is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2009

2